ALBERT STEVENS v. EDEN MEETING-HOUSE SOCIETY.

Warnings and proceedings of meetings of an incorporation, having a clerk, and whose by-laws require the warnings to be in writing, cannot be proved by parol.

THIS was an action of assumpsit on an award. Plea, non assumpsit.

On the trial the plaintiff produced the defendants' book of records, which showed a society, regularly organized, under the statute, constituting them a corporation. The by-laws provided, that among other officers, a clerk or secretary should be chosen, and one had been regularly elected. The by-laws provided that all meetings were to be warned by the clerk, by posting up a written notice thereof. This appears to have been done and the records regularly kept, up to December, 1836. The plaintiff then offered to prove, by parol testimony, that said society continued its meetings; that the persons who joined him in the submission were, at that time, and at the publishing of the award, the prudential committee of said society, and that after the award was made and published, said society voted to approve and confirm the same. This was objected to by the defendants and was rejected by the court, to which the plaintiff excepted. Verdict and judgment having passed for the defendants, the cause passed to the supreme court.

J. *Sawyer*, for plaintiff.
— *Cooper*, for defendants.

The opinion of the court was delivered by

COLLAMER, J.—A corporation, and every member thereof, is bound by a vote of the majority present at a meeting, warned agreably to the laws of the corporation, and not otherwise. If no provision is made for such warning every member must have personal notice. Here the clerk was authorised to warn a meeting by posting up a written notice. No other mode of calling a meeting could be shown, and, most clearly, this could not be proved by parol, until the loss of the notification was first proved; but this was not attempted. Here was an attempt to *add* to the records, by parol, whole warnings, meetings and votes. This is clearly inadmissible, and the fact that no record of meetings, after 1836, appeared on the books, does not authorize this. The want of such record only shows that no such meeting was held. If it be asked, what is to be done by third persons, if a corporation will not record its appointments and votes, the answer is, refuse to recognize or act on any such assumed authority or unrecorded votes, or hold them personally liable who misrepresent their authority.

Judgment affirmed.