# CHARLESTON.

## McVey v. St. Clair Co.

Decided March 30, 1901.

1. NEGLIGENCE—*Contributory—Injury.*

When contributory negligence is relied on in defense of an action for wrongful injury or death, a hypothetical instruction, directing a finding in favor of plaintiff, which omits any reference to the facts tending to establish contributory negligence, and entirely ignores such defense, is erroneous, nor can such error be cured by other instructions given in behalf of either party. *McCreery's Adm'x.* v. *Railroad Co.,* 27 S. E. 327, (43 W. Va. 110). (p. 419).

2. INSTRUCTIONS—*Harmless Error.*

If improper instructions are given, or proper ones are refused, on the trial, the judgment will be reserved, unless the evidence is so plainly and decidedly in favor of the finding of

the jury that the giving or refusal of such instructions amounts to merely harmless error.    (pp. 423-425).

Error to Circuit Court, Fayette County.

Action by G. W. McVey against the St. Clair Company. Judgment for plaintiff.    Defendant brings error.

*Reversed.*

MOLLOHAN, McCLINTIC & MATHEWS and J. W. St. CLAIR, for plaintiff in error.

WATTS & OSENTON and C. R. SUMMERFIELD, for defendant in error.

DENT, JUDGE:

G. W. McVey, administrator of John E. Van Buskirk, deceased, obtained a judgment in the circuit court of Fayette County for two thousand dollars against the St. Clair Company, on account of the death of Van Buskirk, alleged to have been caused by the negligence of the defendant.    The undisputed facts are as follows: That decedent while in the employ of the defendant as a coal shoveler, being a boy almost of mature growth, seventeen years of age, was directed by Howery, his superior boss or foreman, to assist him as a helper in running an electric mining machine.    Howery operated the machine by turning on and off the current while Van Buskirk assisted in setting it.    After making two cuts successfully the machine was set for the third cut and on its being started Van Buskirk was caught by it and one leg was drawn into the machine and terribly mangled, resulting in his death.

The disputed facts are as follows:

First.    As to whether Howery was competent to run the machine.

Second.    Had Van Buskirk any experience in running the machine; did he seek to be employed in so doing; did he reluctantly obey his superior in going to work there at; had he sufficient knowledge and experience to know of the obvious dangers attendant thereon; did he signal to Howery to start the machine; did he place a pick carelessly against the machine so that on its being started the pick so placed caught and drew him into the machine; did he negligently, aware of the patent danger, stand

too near the machine when the signal was given to start it; was he guilty of any act which in one of his age, capacity and experience, would be deemed contributory negligence?

Third. Was Howery guilty of negligence in placing a boy of the age, ability and experience of the deceased in a dangerous place to work without carefully warning him of dangers he was incapable of appreciating?

Fourth. Did Howery start the machine before he was signaled to do so? Ordinarily this would be the act of a fellow servant, and if death resulted by reason thereof alone the defendant could not be held liable. *Jackson* v. *N. & W. R. R. Co.*

But in this case it would be a fact tending to establish the incompetency and inexperience of Howery to run the machine. Providing competent fellow servants is one of the non-assignable duties of the master.

All these disputed facts are questions for the determination of the jury and its finding with regard thereto will not be set aside, unless contrary to the plain and decided preponderance of the evidence.

In relation to these facts the evidence is contradictory and conflicting and dependent on the credibility of numerous witnesses, and, therefore, it is impossible to say that the verdict of the jury is plainly contrary to the decided preponderance of the testimony, and if the only question in this case arose on the motion to set aside the verdict the judgment would have to be affirmed.

This is peculiarly a jury case, as both the question of negligence and contributory negligence are disputed questions of fact, dependent on the conflicting testimony and credibility of witnesses, and if the court committed no mistake in instructing the jury as to the law, the defendant could not complain of the judgment. Numerous instructions were asked by both parties. Some were given, though modified, and some refused.

The instructions given in behalf of plaintiff were as follows:

### No. 1.

The court instructs the jury that if they believe from the evidence in this case that the deceased, J. E. Van Buskirk, was, on the 29th day of July, 1896, a minor seventeen years of age, without experience in operating or running an electrical mining machine, and while engaged in the service of the defendant as "coal loader" in its mines, that one Brad Howery, the boss of the

coal loaders in said mine, and as such the superior officer of the deceased, required the deceased to leave his work as such coal loader in room No. 3, and to assist in running and operating the defendant's electrical mining machine in room No. 4, and outside of the line of his duty and the scope of his contract and service, the said deceased did not under such circumstances incur and assume the risks and dangers attendant upon the running and operating of such machine, and if the jury further find that such machine was dangerous and its operation hazardous, then it was the duty of the said Howery to instruct and warn the deceased as to the dangers and risks attendant upon the operation of said machine and his failure to do so was negligence for which the defendant is responsible, and if the deceased while working in and about said machine was injured and while obeying the orders of the said Howery in assisting to run and operate the same and his death thereby occasioned, then the jury should find for the plaintiff.

### No. 2.

The court instructs the jury that in determining whether the deceased, J. E. Van Buskirk, a boy of seventeen years of age, was guilty of contributory negligence, the jury have the right to take into consideration his age, capacity and experience, and although he may have been guilty of an act which in an adult would have amounted to an assumption of the risk of injury, and a waiver of the duty the master owes him, yet he cannot be held to have assumed any such risk, or waived any such duty, which one of his age, discretion and experience could not fully comprehend and appreciate and the jury should so find.

### No. 3.

The court instructs the jury that where a person in the employ of another in the performance of a specific line of duty only ordinarily hazardous is commanded by a fellow servant; but to whom he is so subordinate that he is compelled to obey his directions to do an act in the same general service but different from the sphere of employment in which he has engaged to serve and extra hazardous in its character and in respect to which the servant making the requirement knew he was unskilled and inexperienced and in doing the same the servant so directed received injuries occasioned by the negligence of another servant employed in the particular line of service in which

the act was being done, the common employer will be liable to the servant so injured and the jury should so find.

## No. 4.

The court instructs the jury that if they believe from the evidence in this case that the deceased J. E. Van Buskirk, was on the 29th day of July, 1896, by Brad Howery, foreman of the defendant's mines at St. Clair, placed at work on or about a dangerous or unsafe mining machine in the defendant's mines in room No. 4 as a helper and that the proper operation or running of said machine required signals to be given and received by and between the runner and helper, and that the said machine was started on the day aforesaid by said Howery without observing such proper signal to start the same, or if said machinery was started by said Howery while the deceased was standing in or dangerously near the bitts of the said machine which fact was known to Howery or could have been known by him by the use of proper care and diligence, then such starting of said machine was negligence in the defendant's company and the jury should find for the plaintiff.

## No. 5.

The court instructs the jury that if they believe from the evidence in this case that the deceased J. E. Van Buskirk, a minor of seventeen years of age, was on the 29th day of July, 1896, employed by the defendant as coal loader in its mines at St. Clair, and that the service of coal loader was attended with only ordinary danger and that one Brad Howery, a foreman and superintendent of the coal loaders and machine men of the defendants in said mine, on the said 29th day of July, 1896, and while the said J. E. Van Buskirk was engaged and occupied in the line of his duties as such coal loader, called upon and took the deceased away from his work of loading coal in room No. 3, and placed him at work in room No. 4, not at loading coal but in assisting to run and operate the defendant's electric mining machine out of the line of his employment as such coal loader, and that the deceased was wholly inexperienced in operating and running said mining machine and was not instructed by said foreman or other representative of the said defendant in running such machine or warned of the danger or risk attending its operation, and that the service of running and assisting to run said electric machine was highly dangerous, much more

so than that of coal loader, then the said Van Buskirk in enter-
ing upon the services required of him by the said Howery in and
about said electric machine, did not assume the risks and dan-
gers attendant upon running or assisting to run said machine
and the defendant is responsible for any injury resulting to
the said Van Buskirk while working upon said machine and
obeying the orders of Howery, his superior, and who as to that
act was the representative of the defendant company. In such
a case the rule as to fellow servant does not apply and the jury
should find for the plaintiff.

## No. 6.

The court instructs the jury that if they believe from the evi-
dence in this case that the deceased was in the employment of the
defendant in its mines at the St. Clair Coal Works, in this
county, as a coal loader, on the 29th day of July, 1896, and that
at the time he was a mere youth seventeen years of age, and
while on that day engaged in his work as such coal loader he was
called upon by Brad Howery, his boss in said mines, to leave his
work of coal loading and required to assist in running and oper-
ating the defendant's electric mining machine in room No. 4,
in said mine, away from and out of the scope of his employment,
and that the said deceased had no knowledge, by experience or
by instruction, as to the dangers of service of running and as-
sisting and operating said machine, and that the service of run-
ning and operating said machine was in reality highly dangerous
and that the deceased was not employed and engaged in this par-
ticular service, but in that of coal loading, and was ordered into
it against his will and while so engaged in assisting in the oper-
ation and running said machine, the deceased was injured, from
which injury he died the next day, then the jury should find for
the plaintiff. And the court further instructs the jury that they
have a right to consider the youth and physical weakness of the
deceased, and if the jury believe from the evidence that he was
ordered to work upon said machine and that he objected to doing
so and went reluctantly to the service required of him by said
Howery, then he is entirely free from any charge of contributory
negligence and the defendant became liable for any injury
thereby occasioned the deceased.

## No. 7.

The court further instructs the jury that if the deceased in

this case was placed to work by one Brad Howery, the defendant's foreman, in and upon its electric mining machine, and that the service thereof was highly dangerous and that the said Howery operated said machine as runner and that said deceased was inexperienced and without instruction as to the danger and the operation of said machinery and that the said Howery was incompetent and inexperienced as a machine engineer or runner and that while engaged in said service the deceased in working about and upon said machine under the orders, control and direction of the said Howery, as such runner and engineer, was crippled and injured by the negligence and incompetence of said Howery, then the defendant company is liable for such negligence and incompetence of said Howery, and the jury should find for the plaintiff.

### No. 8.

The court instructs the jury that a minor has the right and it is his duty to rely upon the superior skill and knowledge of a foreman having authority over him and if in obedience to such foreman, he runs into unknown dangers against which it is the duty of the foreman to warn him but which duty such foreman negligently fails to perform, he cannot be held to be guilty of contributory negligence or to have assumed the risk of such danger and the jury should so find.

### No. 9.

The court further instructs the jury that the measure of damages in this case is not limited to the pecuniary value of the life of the deceased, J. E. Van Buskirk, to his estate, but may be exemplary and punative, and may be any amount deemed right and proper by the jury not to exceed the amount claimed in the declaration, ten thousand dollars.

The defendant objected to each of such instructions, with the exception of No. 2 and No. 9.

Instructions Nos. 1, 2, 5, 6 and 7 are improper for the reason that they do not negative contributory negligence. *McCreery* v. *Ohio R. R. Co.,* 43 W. Va. 110; *Fisher* v. *Railroad Co.,* 39 W. Va. 420; *Webb* v. *Kanawha Co.,* 43 W. Va. 800; *Parkersburg* v. *Shultz,* 43 W. Va. 471.

It matters not what dangerous places a boy may be sent into, he may nevertheless, if not an infant of tender years, be guilty of such acts of careless negligence depending on his age, knowl-

edge, experience and physical ability as will amount to contributory negligence and whether his acts do amount to such is a question of inquiry for the jury, and these instructions exclude this question from the jury's consideration. Each of these instructions are complete in themselves and direct a finding in favor of the plaintiff and cannot be aided by other instructions.

Instructions Nos. 2 and 8 are bad for the reason that they simply direct the jury to find as to a question of law, and, therefore, are misleading. If the words, "and the jury should so find" had been left off, then they would have been good, for otherwise they simply state the law to the jury and a statement of the law as to a given part of the facts does not justify an instruction to find for the plaintiff.

Instruction 4 is bad for the reason that Howery in running the machine was acting merely as the fellow servant of the decedent, and an act of negligence on his part in starting the machine without warning alone would not make the company liable, as is alleged in the instruction, yet it would be a fact tending to show that Howery was incompetent to run the machine and the company would be liable because of the incompetency, if established to the satisfaction of the jury, and not because of Howery's negligence in running the machine. This instruction bases the right of recovery on the negligence of a fellow servant rather than on his incompetency. *Jackson* v. *Norfolk & Western R. R. Co.*, 43 W. Va. 380.

Instruction No. 6 is further bad for the reason that it tells the jury in effect that because the deceased was a physically weak minor and objected to working on the machine and reluctantly did so he could not be guilty of contributory negligence. While all these matters tend to establish negligence for which the defendant is liable, yet they do not exclude the possibility that the decedent might be guilty of an act of carelessness so bad that even in one so young, weak and inexperienced, might be found by the jury to be contributory negligence on his part. There is some evidence on the part of the defendant tending to show such conduct on the part of the deceased and while it is not at all sufficient to have overthrown the verdict had the jury been permitted to consider it and found to the contrary, this instruction excludes it entirely from their consideration.

The defendant asked the following instructions, which were refused:

## No. 2.

The court instructs the jury that when J. E. Van Buskirk entered the employment of the defendant company it was the duty of said company to provide for his safety as far as could reasonably be expected under the circumstances, but it was not obliged to take more care of the said Buskirk than would be expected of a prudent man to take of himself under like circumstances.

## No. 3.

The court instructs the jury that the measure of care which should have been taken by the defendant company to avoid a responsibility of the injury to the said Buskirk, is that which a person of ordinary care, prudence and caution would use if his own interests were to be affected, or the whole of the risk were his own. It is such care as a person of ordinary prudence would exercise under the circumstances surrounding the accident at the time of the injury.

## No. 4.

The court instructs the jury that although they may believe from the evidence that Brad Howery was not a capable man to run the mine machine referred to by the evidence in this cause, and did not run such machine in a capable manner at the time of the injury to Buskirk, yet, if they believe from the evidence that the said Buskirk had knowledge of the danger of said machine when in motion and could have avoided the injury to himself by the use of ordinary care upon his part, he the said Buskirk, would be guilty of contributory negligence and the jury should find for the defendant.

## No. 5.

The court instructs the jury that if they believe from the evidence that the said Brad Howery knew how to run the said machine at the time of the accident and had successfully run the machine for two cuts immediately preceding the accident, and if they further believe from the evidence that the said J. E. Van Buskirk knew how to perform the duties of a helper on said machine at the time of the injury and had actually performed such duties during the time of said two cuts, and that he had had reasonable opportunity then and there to observe the working of said machine and then and there knew how to perform the duties of helper on said machine, the said Buskirk and the said

Howery would have been fellow servants, and if the said accident resulted from the negligence of the said Howery the defendant cannot be held responsible for the injury to the said Buskirk and the jury should so find.

### No. 6.

The court instructs the jury that the fact that the said Howery was superior in power and authority over the said Buskirk in the service of the said company at the time of said accident would not, of itself, destroy the relation of co-servant as between the said Howery and the said Buskirk, and if they believe from the evidence that the said Howery was capable of running the said machine at the time of the accident and that the said Buskirk then and there knew how to perform his duties as helper upon the said machine, they would in that case be co-servants, and although the jury might believe the accident resulted from the negligence of the said Howery under such circumstances the plaintiff would not be entitled to recover in this case and the jury should so find.

### No. 7.

The court instructs the jury that if they believe from the evidence that the said Buskirk then and there knew how to perform the duties of helper on said machine and was injured by reason of his own negligence, and with the exercise of ordinary care upon his part his injury could have been avoided, the plaintiff is not entitled to recover in this case and the jury should so find.

### No. 8.

The court instructs the jury that if they believe from the evidence that the said Howery was capable of running the said machine to make the cut at the time of the injury to the said Buskirk, and that he was proceeding to run the said machine at the time of the injury in such manner and under such conditions as would become a careful and competent man under such circumstances, the jury should find for the defendant.

### No. 10.

The court instructs the jury that if they believe from the evidence the first and second cuts had been made by the said Howery as runner and the said Buskirk as helper, and if they further believe from the evidence that at the time they were proceeding to make the said third cut and before the machine started the

said Buskirk set the pick handle against the chain of said machine and afterwards warned the said Howery that he was ready for the said machine to start and that said injury to the said Buskirk resulted by reason of his having placed said pick handle against the said chain, then the said Buskirk would be guilty of such contributory negligence as would defeat the right of the plaintiff to recover in this case, and the jury should so find.

### No. 12.

The court instructs the jury that the fact that the deceased was in the employ of the defendant company as coal loader did not prevent the defendant employing the deceased to work as a helper on the mine machine, and if the jury believe from the evidence that Brad Howery approached the deceased while he was engaged at his work as coal loader and inquired of him whether or not he had worked upon a mine machine as helper and the deceased informed said Howery that he had so worked and upon that information the said Howery requested the deceased to assist him as a helper in running the machine in room No. 4 to cut it out, and the deceased consented thereto without making any sort of objection, then, although the deceased may have been but seventeen years of age, if the jury believe from the evidence that he was possessed of ordinary intelligence, the said Howery had the right to rely upon the representations of the deceased to him as to his experience, and if under such circumstances he entered upon the work of assisting to run said mine machine as a helper, the deceased was required to exercise ordinary care to avoid danger and injury to himself while so at work, and the said Howery would not be required to instruct him as to his duties unless it appeared from the manner in which he undertook to perform and did perform the same, that he was incapable of doing it for want of knowledge and information as to what the duties of a helper upon a mine machine were.

### No. 13.

The court instructs the jury that if they believe from the evidence that the deceased represented to the said Howery that he had worked upon a mine machine as a helper and he consented to work as such helper in running the machine to cut out room No. 4 and proceeded to do such work, and if the said Howery did not discover before his injury any want of capacity in the said Buskirk and the jury believe from the evidence that the said Bus-

kirk was a person of ordinary sense, the defendant cannot be held for the negligence on the part of the said Buskirk under such circumstances.

### No. 14.

The court insrtucts the jury that a boy seventeen years of age with ordinary sense can be held in law for contributory negligence and this rule applies to whatever may be the age of the youth, provided he has reached a period of life when he is capable because of his knowledge to exercise ordinary care and caution in the performance of his duties as servant under his master.

Instruction No. 3 is misleading. It is applicable in the case of an adult, but not of a minor. If it had substituted "his son" for "himself" it would have been proper.

No. 3 states the law properly and should have been given. No. 4 likewise should have been given. For if decedent knew of the danger and could have avoided it by ordinary care he should have done so. No. 5 was properly refused for the reason that because a man knows how to run a machine does not make him a competent fellow servant. He must not only know how, but have experience in that direction, before he can be called a competent person to run such machine. The mere fact that a person may make two cuts successfully with such a machine does not make him competent, although it is evidence tending to prove competency. It is for the jury to say from all the evidence whether Howery was a competent fellow servant or not. It is improper for the court to select certain facts any say from them that Howery was a competent fellow servant, but this is a matter for the jury to determine from the whole evidence.

The court properly modified instruction No. 6, by inserting after the word machine the words "and was working within the scope of his employment," for although the decedent might "know how" to perform the duties of a helper and yet be incapable of doing so through lack of experience, and Howery would have no right to compel him to work outside of the scope of his employment.

No. 7 is bad from the same reason that No. 5 is bad, and is therefore misleading. It might leave the jury to believe that because the accident might have happened through lack of experience on the part of Van Buskirk, that this lack of experience amounted to negligence.

No. 8 is bad for the same reason that plaintiff's No. 1 is bad, and the same may be said of No. 10, for the jury had the right to say whether the setting of the pick handle against the chain of the machine and then giving the signal to start was contributory negligence in a person of the age, capacity and experience of the decedent. For decedent must have sufficient capacity and experience to know that the setting of the pick handle against the chain would ordinarily result in an accident and was therefore a dangerous thing to do.

The court modified instruction No. 12 by adding after the word "Howery" and before the word "requested" in the 9th line the words "believed it to be true and." This was proper for if Howery did not believe the decedent was capable of helping him on the machine he should not have put him at the work, although decedent represented that he had worked as a helper on the machine, for it was the duty of Howery having charge of a minor to exercise ordinary care in keeping him out of danger, such as a father would use towards his son.

For the same reason the court properly modified instruction No. 13 in the same manner and to the same extent. The court also properly modified instruction No. 14 by adding thereto after the word "knowledge" the words "and experience." But it was improper and unnecessary for the court to add to this instruction after the word "master" "while acting within the scope of his employment." For it matters not what work the decedent was called upon to do if he was capable by reason of his knowledge and experience to perform such work and by ordinary care to prevent accident to himself and he did not use such ordinary care as was proper in one of his age, capacity and experience, but carelessly and recklessly with rash indifference to consequences ran into dangers obvious to him, he would be guilty of contributory negligence. Besides the instruction implies that he was acting within the scope of his employment in using the language "in the performance of his duties as servant under his master," for a servant owes no duties to his master outside of the scope of his employment. For these manifest errors in giving and refusing instructions the judgment is reversed, the verdict set aside, a new trial awarded and case remanded for further proceedings.

BRANNON, PRESIDENT, (*Concurring*) :

While agreeing to the decision, I wish to say, that it seems to me that in addition to JUDGE DENT's criticism on plaintiff's instruction 2, it is bad because it assumes Buskirk's non-accountability by reason of non-age.

Plaintiff's No. 6 makes the defendant liable for Howery's acts, though under the law he was a fellow-servant, as JUDGE DENT states. He was a fellow servant, not a vice principal of the master, and his directing the boy to help at the machine, outside his usual line of work, was, if wrong, a wrongful, negligent act of a fellow servant. Any of the acts of Howery in this transaction were acts of a fellow servant under principles settled in *Jackson* v. *Railroad,* 43 W. Va. 380. That case followed the great weight of authority, and especially decisions of the National Supreme Court, and it is shown to be right by two later decisions by that of our highest court. *New England R. Co.* v. *Conroy,* 175 U. S. 323; *Alaska Mining Co.* v. *Whelan,* 168 U. S. 86. The defendant is entitled to the benefit of that law, over sympathy or feeling for the unfortunate boy, and it ought to be so declared. The fact that Buskirk was a minor does not take him out of the rule of fellow servants. McKinney, Fellow Serv. 21; the cases there cited show instances where the courts applied the rule to children of twelve and fourteen years. The fact that the boss took him from his usual line of work does not alter the case, because that boss was a mere fellow servant, and it must appear that he had authority to do the act. *Pittsburg &c.* v. *Adams,* 105 Ind. 151, 123 Am. & Eng. R. R. Cases 408; *Louisville &c.* v. *St. Louis Co.,* 21 *Id.* 525.

Plaintiff's 8 is open to same objection.

The opinion in discussing instruction 6 says, that if on the evidence the jury had found for the plaintiff on contributory negligence, the verdict could not be set aside; in other words, it says in advance of a second trial, that the evidence is not enough to defend the company on that score. I think this Court should not thus pass on the evidence in a vital point in advance of a second trial.

I have objected to this in several cases not now recalled, except *State* v. *Zeigler,* 40 W. Va. 610. Where this Court does not grant a new trial on the evidence, but on some other ground, it

should not indicate an opinion of that evidence any more than can a circuit court.

I think defendant's instruction 2 is good. A man cannot be required to take more care of any one, even a son, than of himself. I think defendant's instruction 6 is good because of the doctrine of fellow servantcy.

POFFENBARGER, JUDGE:

I concur in the foregoing note by JUDGE BRANNON.

*Reversed.*