## SHAFFER *v.* HOWARD, AUDITOR OF THE STATE OF OKLAHOMA, ET AL.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 375. Argued December 13, 1918.—Decided March 10, 1919.

A suit against state officials to enjoin the enforcement of a tax becomes moot and must be dismissed on appeal where it appears that defendants' term of office has expired and that their successors have qualified, when there is no law authorizing a revival or continuance against the latter.

250 Fed. Rep. 873, reversed.

THE case is stated in the opinion.

*Mr. Malcolm E. Rosser,* with whom *Mr. George S. Ramsey, Mr. Edgar A. de Meules, Mr. Villard Martin* and *Mr. J. Berry King* were on the brief, for appellant.

*Mr. S. P. Freeling,* Attorney General of the State of Oklahoma, with whom *Mr. C. W. King,* Assistant Attorney General of the State of Oklahoma, was on the brief, for appellees.

Memorandum opinion by MR. CHIEF JUSTICE WHITE.

This suit was commenced against E. B. Howard, auditor of the State of Oklahoma, and John S. Woofter, sheriff of Creek County in that State, to enjoin such officials from enforcing a tax levied under the law of Oklahoma on the ground of the repugnancy of such tax to the Constitution of the United States. The court refused an injunction and dismissed the bill for want of equity, and the case was brought here.

Counsel for both parties having stated in answer to an inquiry on the subject submitted to them by the court while the cause was pending after argument under submission that the term of office of the defendant officials had expired and their successors had qualified, and that there was no law of the State of Oklahoma authorizing a revival or continuance of the cause of action against such successors, it follows that the controversy has become merely moot and that we have no authority to further consider or dispose of it. *Warner Valley Stock Co.* v. *Smith,* 165 U. S. 28, 34; *Chandler* v. *Dix,* 194 U. S. 590, 592; *Pullman Co.* v. *Croom,* 231 U. S. 571, 575.

True it is that counsel, in agreeing as to the statement above referred to, suggest that, although the successors in office of the former defendants intend in the discharge of their official duties to enforce the tax complained of unless enjoined from doing so, nevertheless, in view of the importance to the people of the State that the subject-matter of the controversy be here determined, a decision should be made of the pending cause irrespective of the disappearance of the parties defendant. But the absence of power which results from such disappearance cannot be supplied by the request referred to since after all it amounts to but a suggestion that that be done which there is no authority to do; in other words that the cause be decided in the absence of the parties whose presence is essential to its decision. *United States* v. *Boutwell,* 17 Wall. 604, 609; *United States ex rel. Bernardin* v. *Butterworth,* 169 U. S. 600, 609; *Pullman Co.* v. *Croom,* 231 U. S. 571, 576.

It follows therefore that the decree below must be reversed, and the cause be remanded with directions to dismiss the bill for want of proper parties,

*And it is so ordered.*