TOOMBS *v.* CITIZENS BANK OF WAYNESBORO.

No. 485. Submitted April 28, 1930.—Decided May 26, 1930.

*Mr. W. A. Slaton* was on the brief for appellant.

*Messrs. Carl N. Davie* and *Earl Norman* were on the brief for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This is an appeal from a judgment of the Supreme Court of Georgia, upholding the constitutionality of the provisions of the Georgia statutes regulating the assessment, by corporate action, of shareholders of state banking institutions whose capital has become impaired. 169 Ga. 115. Section 1 of Art. VI, Georgia Banking Law, Act of August 26th, Ga. Laws, 1925, p. 126, amending Art. VI, Ga. Laws, 1919, p. 135; Ga. Civil Code, § 2366, (48), (49).

Section 1 (printed in the margin [1]) provides that when the capital of a state bank is impaired the Superintendent

---

[1] " Section 1. Assessment of stockholders.

" Whenever the Superintendent of Banks shall find that the capital stock of any bank has become impaired or reduced as much as ten per cent. of its par value from losses or any other causes, the Superintendent of Banks shall notify and require such bank to make good its capital stock so impaired or reduced within sixty (60) days, by

shall require the bank to make good the impairment by assessment upon the stockholders, and that " it shall be the duty of the officers and directors of the bank receiving such notice to immediately call a special meeting of the stockholders for the purpose of making an assessment on its stockholders sufficient to cover the impairment." Section 2 authorizes the bank, in addition to other remedies, to bring suit against stockholders for the amount of the assessment. The Supreme Court of the state, construing the statute, has held that an assessment under the provisions of § 1 (formerly in § 2 of Art. VI of the Georgia Banking Law, Ga. Laws 1919, p. 135) is a voluntary act on the part of the stockholders, who may, at their election, by action taken at the stockholders meeting, levy the assessment, or decline to levy it and permit the liquidation of the bank by the Superintendent of Banks, who may levy an assessment under another provision of the statute not now involved. *Smith* v. *Mobley,* 166 Ga. 195. Arts. VI and VII of the Georgia Banking Law, Ga. Laws, 1919, p. 135.

Petitioner is the owner of shares of capital stock of the Citizens Bank of Waynesboro, chartered under the Georgia statutes January 1st, 1920. On August 16, 1926, the bank became insolvent and passed into the control of the State Superintendent of Banks, who found that the

---

an assessment upon the stockholders thereof, and it shall be the duty of the officers and directors of the bank receiving such notice to immediately call a special meeting of the stockholders for the purpose of making an assessment upon its stockholders sufficient to cover the impairment of the capital payable in cash, at which meeting such assessment shall be made, provided that such bank may reduce its capital to the extent of the impairment if such reduction will not place its capital below the amount required by this Act. At any such special meeting of the stockholders a majority of the stock outstanding at the time shall be deemed a quorum, and such assessment may be made upon a majority vote of the quorum present."

net indebtedness of the bank exceeded its capital. Certain depositors of the bank having undertaken to release their claims so that its indebtedness would equal its capital, the Superintendent of Banks agreed to surrender his control of the bank if its stockholders would authorize a levy of an assessment of 100% of the par value of the stock. A stockholders meeting, held October 22, 1926, at which a majority of the shares was represented, adopted resolutions assessing the stock accordingly.

The present suit to recover the assessment upon appellant's shares was brought in the Superior Court of Wilkes County, and its judgment in favor of the respondent was affirmed by the state Supreme Court. Appellant, by his pleadings, challenged the constitutionality of the statute upon the ground, relied on here, that § 1, by its failure to provide for notice to stockholders of the special meeting for the purpose of levying the assessment, denies due process of law guaranteed by the Fourteenth Amendment.

Petitioner thus seeks to raise the question whether one who acquires stock in a corporation, notice of whose meetings is dispensed with by state law, can, for that reason alone, invoke the due process clause to set aside corporate action adversely affecting his interest as a stockholder.

But no such question is presented. Section 1 makes it the duty of the officers and directors of the bank, in the contingencies named, to " call a special meeting of the stockholders for the purpose of making an assessment." The statute does not prescribe that the meeting be called without notice. Petitioner points to no provision of the Georgia statutes or of the charter or by-laws of the bank dispensing with notice, nor to any decision of the Supreme Court holding that the statutory duty to " call " a stockholders meeting can be performed without reasonable notice to stockholders of the time and place of meeting. Even when there is no provision, in statute or by-laws, for notice, it has been held that common law principles re-

quire corporate meetings to be called by reasonable notice to stockholders. See *Stow* v. *Wyse,* 7 Conn. 214; *Wiggin* v. *First Freewill Baptist Church,* 8 Metc. (Mass.) 301, 312; *Stevens* v. *Eden Meeting-House Society,* 12 Vt. 688, 689. That, we think, in the absence of a controlling decision of the highest court of Georgia, must be taken to be the implied requirement of § 1.

Notice was in fact given in the present case, as appears by the agreed statement of facts by mailing it fifteen days before the meeting, addressed to petitioner at his address last known to the bank. It does not appear whether he received the notice. In the face of this record, we cannot assume either that notice was not required by the law of the state or that that actually given was insufficient.

In assailing the constitutionality of a state statute the burden rests upon appellant to establish that it infringes the constitutional guarantee which he invokes. If the state court has not otherwise construed it and it is susceptible of an interpretation which conforms to constitutional requirements, doubts must be resolved in favor of, and not against the state. See *Corporation Commission of Oklahoma, etc.* v. *Lowe, etc., ante,* p. 431; *South Utah Mines* v. *Beaver County,* 262 U. S. 325, 331.

*Affirmed.*