**UNITED STATES AIRWAYS, Inc., et al. v. SHAW, State Auditor.**

**No. 1129.**

District Court, W. D. Oklahoma.

Aug. 13, 1930.

Chick & Johns, of Tulsa, Okl., and Yancey, Spillers & Fist, of Oklahoma City, Okl., for plaintiffs.

J. Berry King, Atty. Gen. of Oklahoma, and F. M. Dudley, Asst. Atty. Gen., of Oklahoma, for defendant.

Before COTTERAL, Circuit Judge, and WILLIAMS and VAUGHT, District Judges.

COTTERAL, Circuit Judge.

The plaintiffs have united in a suit for an injunction against the enforcement by the state auditor of a gasoline tax, pursuant to enactments of the Legislature of this state.

The original act was adopted on March 23, 1923. It was amended on March 7, 1924, March 23, 1925, June 22, 1929, and July 15, 1929 (Laws Okl. 1923, c. 239, as amended by Laws 1923—24, c. 101, Laws 1925, c. 198, and Laws 1929 [Sp. Sess.] cc. 278, 279). The effective provisions of these acts levy an excise tax of four cents a gallon on all gasoline consumed in the state and apportion it to the state and counties for the construction and maintenance of highways and bridges. As a means of collection, consignees and wholesale distributors are required to make monthly reports and payments of the tax to the auditor, with penalties for delinquencies. The tax is declared a lien on the property of the taxpayers, and enforceable by tax warrants as in case of executions.

The tax is assailed by the plaintiffs in their bill as unconstitutional in that it is an invasion by the state of the exclusive power of Congress under clause 3, section 8, article 1, of the federal Constitution, to regulate interstate commerce, and, further, effectuates a taking of plaintiffs' property without due process of law, in violation of the Fourteenth Amendment to that Constitution. The defendant's answer is a concession of the facts, but a denial that the state law is invalid on either ground alleged in the bill.

The present hearing arose upon plaintiffs' application for a temporary injunction. The issues were joined by bill and answer. It was thereupon agreed by counsel that the case be submitted for final determination, upon an agreed statement of facts. At the same time plaintiffs dismissed that ground of the bill which avers that the imposition of the tax is wanting in due process of law.

The agreed facts show that the plaintiffs are engaged in the transportation by airplanes of passengers, freight, express, and mail from points outside to points within the state and vice versa, that the motor power of the airplanes is furnished by gasoline which they buy largely in this state, and that the tax in question is borne by them in the price they pay to the consignees and distributors of the gasoline. It is further agreed that the plaintiffs conduct a like intrastate transportation business without which the interstate transportation business cannot be efficiently and economically conducted, and that the two classes of business are so commingled and interdependent that the tax cannot be apportioned between them. It is also agreed that the auditor refunds to the plaintiffs the portion of the tax upon gasoline they buy and transport out of the state and is not consumed therein, but they deny all liability for the tax on gasoline used in their transportation business. There are other details in the agreement, but the foregoing suffices as a summary of the facts essential for our decision.

The plaintiffs are concededly engaged in an interstate transportation business, the regulation of which is committed solely to Congress by the commerce clause of the federal Constitution. If the state Legislature intended by these enactments to tax gasoline bought in the state and consumed by patrons in the conduct of an interstate transportation business by airplanes, then whether such consumption occurs within or without the state, the tax operates directly to burden interstate commerce, because it is a charge on an

instrumentality thereof. The state has no power to regulate or control such commerce, because that power is vested in Congress by the Constitution. Hence, if this tax is levied on gasoline bought in the state by plaintiffs and used by them as the power for the operation of airplanes in their interstate transportation business, it is invalid because in excess of state power.

A decision we conceive to be directly in point is Helson v. Kentucky, 279 U. S. 245, 49 S. Ct. 279, 73 L. Ed. 683. The state law of Kentucky imposed an excise tax on all gasoline sold at wholesale within the state, specified to include "any and all sales made for the purpose of resale or distribution or for use," and purchases without the state, and sold, distributed, or used within it. The gasoline which had been purchased in Illinois was used as the motive power on a ferry boat plying between Illinois and Kentucky, and 75 per cent. of it was consumed in the latter state. It was held the tax was "exacted as the price of the privilege of using an instrumentality of interstate commerce," directly burdened such commerce, and was unconstitutional and invalid. There is no distinction in principle between that case and this, and it is of course controlling authority.

■ A somewhat different question arises from the exaction of the tax for gasoline used by plaintiffs in their intrastate transportation business. They are engaged in that business in order to efficiently and economically conduct their interstate operations. The essential fact with regard to the question is that the two classes of business are so commingled that the tax cannot be apportioned between them. Where this is so, the proportionate part of a license tax cannot be identified and the whole becomes unenforceable. It was so decided in Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139, and that case settles this controversy in plaintiffs' favor.

The remedy here invoked by the plaintiffs in equity is sustained by the principles declared in Shaffer v. Howard, 249 U. S. 200, 39 S. Ct. 255, 63 L. Ed. 559.

■ The tax in question must not be confused with ad valorem taxes on property. While they may not be enforced against property moving in interstate commerce, they attach and are sustained, whenever the property has a situs in a state. Bacon v. Illinois, 227 U. S. 504, 33 S. Ct. 299, 57 L. Ed. 615; Eureka Pipe Line Co. v. Hallanan, 257 U. S. 265, 277, 42 S. Ct. 101, 66 L. Ed. 227; Sonneborn Brothers v. Cureton, 262 U. S. 506, 43 S. Ct. 643, 67 L. Ed. 1095; Doscher v. Query (D. C.) 21 F.(2d) 521.

■ The illegality of the tax here involved by no means impairs the validity of the state law when otherwise applied. It is a fixed rule that a construction will be given to a statute which will save it from constitutional infirmity if it is reasonably susceptible thereof. United States v. Delaware & Hudson Co., 213 U. S. 366, 29 S. Ct. 527, 53 L. Ed. 836. Doubts should be resolved in favor of the State. Toombs v. Citizens Bank, 281 U. S. 643, 50 S. Ct. 434, 74 L. Ed. 1088. A reasonable construction of this state law is that it was not intended to exact the tax on gasoline used for the purposes of interstate commerce. We so construe it. Although we accord relief to the plaintiffs from an unwarranted application of the law, it stands as a valid exercise of the legislative power of the state.

The plaintiffs are entitled to a perpetual injunction against the collection by the state of the tax upon gasoline they may hereafter buy in the state for use in their combined interstate and intrastate transportation business. The auditor and the consignees and distributors of gasoline and all others of his agents will be enjoined from demanding or collecting or receiving the tax in question on gasoline, as a part of the price at which it may be sold to the plaintiffs for use in operating their airplanes. The costs will be taxed to the defendant.