## SHELL PIPE LINE CO. v. ROBINSON.

### No. 822.

Circuit Court of Appeals, Tenth Circuit.

Aug. 14, 1933.

E. C. Fitzgerald and L. A. Wetzel, both of Miami, Okl., for appellant.

Wm. M. Thomas and J. S. Campbell, both of Miami, Okl., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

Robinson brought this action against the Pipe Line Company to recover damages for personal injuries resulting from an accident which occurred about seven fifteen o'clock in the evening of October 22, 1931. At the time of the accident Robinson was traveling east on U. S. Highway No. 60 in Ottawa County, Oklahoma, in a wagon pulled by a team of mules, and Salsman, in the course of his employment with the Pipe Line Company, was also traveling east on such highway in a dual wheeled, low geared, ton and one-half capacity Ford motor truck. Salsman was driving at a speed, estimated by the witnesses to have been from 30 to 45 miles an hour. It was dark and rain was falling. Robinson's wagon was not equipped with either a rear light or reflector. As Salsman approached the wagon from the rear, he was blinded by the lights of an automobile coming in the opposite direction, and did not see the wagon until he was a short distance behind it. A ditch on the right and an approaching car on the left, made it impracticable for him to drive around the wagon. Salsman set his brakes but was unable to stop his car before it collided with the rear end of the wagon, injuring Robinson, his wagon and team. U. S. Highway No. 60 was a main road, largely used for automobile travel.

After defining negligence, and giving certain instructions on the rules of the road, the court instructed the jury as follows:

"Now if you find from the evidence in this case, by a fair preponderance, that the defendant was guilty of negligence and that that negligence was the direct and proximate cause of the injury here, that is, of the accident, then your verdict will be for the plaintiff.

"Now direct and proximate cause, gentlemen, has been defined as follows, and you are instructed that the proximate cause of an event, is that which, in a natural and continuous sequence, unbroken by any independent cause, produces the event, and without which that event would not have occurred.

"Now apply to the case the direct and proximate cause of the injury, is the one that in its natural order and consequence, they use the word sequence but I had rather use the word consequence, without any intervening cause was the direct and proximate cause of the accident. Now that is what you will have to determine in this case, what was the direct and proximate cause of this accident.

"If you find that it was negligence on the part of the operator of the defendant's truck, then your verdict will be for the plaintiff, but if you fail to find that, then your verdict will be for the defendant.

"Now if you find and believe from the evidence that the plaintiff was guilty of contributory negligence, that is he failed to exercise that degree of care that an ordinarily prudent person would for his own safety under the circumstances as they existed on that particular occasion, and his failure to so exercise that degree of care contributed to the injuries sustained, then there can be no recovery in the case and your verdict should be for the defendant."

The Pipe Line Company requested the following instructions, which were refused:

"Instruction No. 2 Requested by Defendant. The court instructs the jury that the defendant in this court has interposed as a defense to this action what is known in law as 'contributory negligence' by which is meant negligence of the plaintiff contributing to the accident complained of; and in this connection you are instructed that the laws of the State of Oklahoma provide that

" 'All non-motor propelled vehicles and all trailers attached to motor vehicles operating on the federal or state highway in this state shall be required to display between dusk and dawn a rear red light or red reflector not less than three (3) inches in diameter,' and that the violation of this law by plaintiff is negligence on his part and if you find and believe from the evidence that the absence of any light on plaintiff's wagon proximately contributed in any degree to the cause of the accident then your verdict should be for the defendant, although you should find that defendant was negligent."

"Instruction No. 4 Requested by the Defendant. The jury is instructed that if it appears from the evidence that the plaintiff and defendant were both negligent and that the negligence of both directly contributed to the cause of the accident, then your verdict should be for the defendant."

From a judgment for Robinson, the Pipe Line Company has appealed.

Section 10317, Okl. Stat. 1931, limits the speed of a truck, of the type being driven by Salsman, to 18 miles an hour.

Chapter 50, art. 11, Okl. Sess. Laws 1931, reads as follows:

"Motor Vehicles—Lights.

"An Act requiring front and rear lights on all motor vehicles and attached trailers, and a rear light or reflector on all other vehicles while in operation over Federal or State highways within this State; providing for a penalty for the violation of the provisions of this Act.

"Be it enacted by the people of the State of Oklahoma:

"Motor Vehicles—Lights.

"Section 1. Every motor vehicle, except motorcycles, operating over the Federal or State highway in this state between dusk and dawn shall be required to display two (2) front lights and one (1) rear red light not less than three (3) inches in diameter. Every motorcycle shall display one headlight and one rear light.

"Non-Motor Vehicles—Rear Red Light.

"Section 2. All non-motor propelled vehicles and all trailers attached to motor vehicles operating on the Federal or State highway in this state shall be required to display between dusk and dawn a rear red light or red reflector not less than three (3) inches in diameter.

"Violations of Provisions.

"Section 3. Any person violating or causing to be violated, any of the provisions of this Act, shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than five dollars ($5.00) and not exceeding one hundred dollars ($100.00). Provided, however, that no officer shall receive any part of a fine imposed under the provisions of this Act.

"Negligence—Failure to Display Light.

"Section 4. The failure on the part of an owner or driver of any non-motor vehicle, to display the light or reflector specified herein, shall not relieve the operator of a motor vehicle from negligence on his part in the event on an accident."

In its answer the Pipe Line Company pleaded the violation by Robinson of section 2, supra, as contributory negligence.

Counsel for the Pipe Line Company contend that section 4, supra, is not embraced within the title of the act, as required by section 57, art. 5, of the Oklahoma Constitution, and for that reason is void.

If section 4, supra, is to be considered as an independent and affirmative enactment that the failure on the part of an owner or driver of a non-motor vehicle to display a rear light or reflector shall not relieve the operator of a motor vehicle from negligence on his part, in the event it caused injury to the owner or driver of the non-motor vehicle, we think the contention of counsel is well taken, because such a provision is not embraced within the title of the act. Utah State Fair Ass'n v. Green, 68 Utah 251, 249 P. 1016; Italia America Shipping Corp. v. Nelson, 323 Ill. 427, 154 N. E. 198; Korth v. City of Portland, 123 Or. 180, 261 P. 895, 58 A. L. R. 665; State v. Candelaria, 28 N. M. 573, 215 P. 816.

On the other hand, if section 4, supra, is only intended to be a limitation upon, or proviso to section 2 of the act, it is embraced within the title and is valid, because it is well settled that it is not essential that the title of a bill shall recite the provisos and exceptions appearing in its body. State ex rel. Astor v. Schlitz Brewing Co., 104 Tenn. 715, 59 S. W. 1033, 78 Am. St. Rep. 941; People v. McBride, 234 Ill. 146, 84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 994; State v. Brown, 103 Tenn. 449, 53 S. W. 727; State v. Yardley, 95 Tenn. 546, 32 S. W. 481, 34 L. R. A. 656.

If a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional, it is the duty of the court to adopt that construction which, without doing violence to the fair meaning of the language, will render it valid. Western Distributing Co. v. Public Service Commission (D. C. Kan.) 58 F.(2d) 239; U. S. Airways v. Shaw (D. C.) 43 F.(2d) 148; Toombs v. Citizens Bank of Waynesboro, 281 U. S. 643, 50 S. Ct. 434, 74 L. Ed. 1088.

We therefore conclude that section 4, supra, should be construed to provide that the violation of section 2, supra, shall not of itself constitute contributory negligence; but not to provide that the failure to display a rear light or reflector on a non-motor vehicle, under circumstances which would constitute contributory negligence independent of the statute, shall not be available as a defense in an action for negligence. It follows that requested instruction No. 2 was properly refused.

It will be noted that the court instructed the jury, without qualification, that if they found Salsman was guilty of negligence and that it was the proximate cause of the injuries suffered by Robinson, their verdict should be for Robinson. This instruction was complete on its face. It wholly ignored

the defense of contributory negligence. The Pipe Line Company pleaded that Robinson had failed to display a rear light or reflector and that such failure constituted contributory negligence. It introduced evidence which tended to establish that defense. To the instruction last adverted to, the qualification should have been added, "unless you find that Robinson was guilty of contributory negligence." The error was not cured by the subsequent instruction on contributory negligence. Oklahoma Ry. Co. v. Milam, 45 Okl. 742, 147 P. 314; Bellinger v. Hughes, 31 Cal. App. 464, 160 P. 838; Keena v. United Railroads of San Francisco, 57 Cal. App. 124, 207 P. 35; Bauer & Johnson Co. v. National Roofing Co., 107 Neb. 831, 187 N. W. 59; Birmingham E. & B. R. Co. v. Hoskins, 14 Ala. App. 254, 69 So. 339; McVey v. St. Clair Co., 49 W. Va. 412, 38 S. E. 648. See, also, Standard Distilling & Distributing Co. v. Harris, 75 Neb. 480, 108 N. W. 582.

The instruction on negligence and the subsequent instruction on contributory negligence were in direct conflict. The jury may have accepted the former and wholly disregarded the latter. This could have been avoided by the giving of requested instruction No. 4, but it was refused.

■ Furthermore, the instruction on contributory negligence should have stated that the Pipe Line Company had alleged the failure of Robinson to display a rear light or reflector and that such failure was contributory negligence, and should have clearly submitted to the jury the issue as to whether such failure directly contributed to the accident.

The judgment is reversed with instructions to grant the Pipe Line Company a new trial.