393 P.2d 916

**STATE of Arizona, Appellee,**

**v.**

**William C. KRUG, Appellant.**

**No. 1387.**

Supreme Court of Arizona.

En Banc.

July 9, 1964.

Robert W. Pickrell, Atty. Gen., Norman E. Green, Pima County Atty., and Jack I. Redhair, Deputy Pima County Atty., Tucson, for appellee.

Leon Thikoll, Tuscon, for appellant.

JACK D. H. HAYS, Superior Court Judge.

The appellant, William C. Krug, was tried by a jury on an information charging a violation of A.R.S. § 13–562, Perjury by

contradictory statements. He appeals from judgment of conviction based on a jury verdict.

At the trial of this cause the State showed that on February 6, 1963, the appellant testified at preliminary hearing that he was with one Carson Lancaster, the defendant in that hearing, on the evening of the alleged theft, and that the defendant got out of the car with him and that the defendant Lancaster took the purse of the victim. The State further showed that on April 2, 1963, in the trial of the said Carson Lancaster for the alleged theft, the appellant testified that he did not know whether or not Carson Lancaster was with him on the evening in question, whether or not Lancaster got out of the car with him and whether or not Lancaster took the purse.

The statute A.R.S. § 13–562 reads as follows:

"A person who, in one or more trials, hearings, investigations, depositions, certifications or declarations, in which making or subscribing statements is required or authorized by law, makes or subscribes two or more material statements under oath, affirmation or other legally binding assertion that the statements are true, when in fact two or more of the statements contradict each other, is guilty of perjury."

Prior to the commencement of the trial, appellant moved to quash the information on the grounds that A.R.S. § 13–562 was un-constitutional and on the further grounds that the alleged statements in the information were not as a matter of law contradictory. The trial court had denied appellant's motion.

In his assignments of error, the appellant argues that the trial court erred in failing to grant his motion to quash on the grounds that A.R.S. § 13–562 is unconstitutional as a denial of appellant's rights under the due process clause of the Fourteenth Amendment to the United States Constitution and Article 2, § 4 of the Arizona Constitution, A.R.S.

Appellant further contends that A.R.S. § 13–568, subd. B, providing that it is a defense to the charge in A.R.S. § 13–562 that the accused at the time he made each statement believed that the statement was true, shifts the burden to the defendant and is a denial of defendant's fundamental right to stand mute with the State having the burden of proving him guilty.

We cannot agree with this latter position. Although the defendant has the burden as to the affirmative defense that at the time he made each of the contradictory statements he believed the statement to be true, the ultimate burden of proof remains with the State in that it must prove the elements of the crime beyond a reasonable doubt; to-wit, that the defendant made material statements; that the statements were made willfully; that the statements

were contradictory; that the oath was properly administered, and that the statements were made before a proper tribunal. Actually, the situation here is less burdensome for the defendant than where a defendant is charged with murder and has by statute the burden of proving circumstances of mitigation, or circumstances that justify or excuse the homicide. A.R.S. § 13–454.

The statute with which we are concerned was adopted from the Model Code on Perjury, § 2, 9B U.L.A. by Arizona in 1953, and is similar to statutes in New York and Louisiana, New York Penal Law, § 1627–a, McKinney's Consol. Laws, c. 40 and L.S.A.-R.S. 14:124. We have not been cited to and have been unable to find any reported cases dealing with the question here presented.

■ In attacking the constitutionality of A.R.S. § 13–562, the appellant further contends that the statute in failing to use the word "willfully" omits the necessary element of intent to commit the crime. It is well settled in Arizona that there is a presumption in favor of the constitutionality of a legislative enactment. Austin v. Campbell, 91 Ariz. 195, 370 P.2d 769; McManus v. Industrial Commission, 53 Ariz. 22, 85 P.2d 54; Atchison, T. & S. F. Ry. Co. v. State, 33 Ariz. 440, 265 P. 602, 58 A.L.R. 563; and State v. Childs, 32 Ariz. 222, 257 P. 366, 54 A.L.R. 736.

■ The burden rests upon one assailing the validity of a statute to establish that it infringes a constitutional guarantee or violates some constitutional principle. Toombs v. Citizens Bank of Waynesboro, 281 U.S. 643, 50 S.Ct. 434, 74 L.Ed. 1088.

■ State v. Locks, 91 Ariz. 394, 372 P.2d 724, should readily dispose of appellant's assertion that a criminal statute which fails to specifically set forth intent or scienter as an element of the offense is invalid. We hold that although A.R.S. § 13–562 fails to contain the specific words setting forth intent or scienter, such element is implicit in the statute. Proof of intent or scienter is a necessary element to be proved by the State in order to sustain a conviction. Cf. State v. Hernandez, 96 Ariz. 28, 391 P.2d 586. It is implied that the statute is prefaced by the words, "A person who willfully and knowingly." We further hold that the record herein supports the verdict and judgment as to this point.

■ Appellant urges that defendant's motion for directed verdict of acquittal at the close of the State's case should have been granted on the grounds that the State failed to introduce evidence that contradictory statements were made. Appellant argues that unless the witness precisely negatives the alleged contradictory statement, the prosecution fails to sustain its burden. With this we cannot agree. Appellant's first statement that Lancaster took the purse means that appellant knew who took the purse, and when in the second statement he tes-

tified that he did not know who took the purse, there is present a distinct contradiction sufficient to constitute the offense of perjury as defined in A.R.S. § 13–562.

■ The final assignment of error is appellant's assertion that the trial court erred in failing to give appellant's instruction number one and in further failing to give an adequate instruction on the definition of contradictory statements. The court gave the following instruction:

"To constitute the crime of perjury by contradictory statements, the State must prove beyond a reasonable doubt that the statements alleged in the information as being contradictory are in direct opposition to each other."

We hold that this instruction sufficiently apprised the jury of the meaning of contradictory statements as used in the statute.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN, and JENNINGS, JJ., concurring.

NOTE: Vice Chief Justice LORNA E. LOCKWOOD, having disqualified herself, the Honorable JACK D. H. HAYS, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this appeal.