# BOWMAN, ATTORNEY GENERAL OF THE STATE OF NEW MEXICO, ET AL. v. CONTINENTAL OIL COMPANY.

## APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW MEXICO.

No. 695. Argued April 14, 1921.—Decided June 6, 1921.

A statute of New Mexico (Laws 1919, c. 93, p. 182), applicable to distributers of gasoline, imposes an excise of 2 cents for each gallon sold or used, and an annual license tax of $50.00, payable in advance, for each distributing station, place of business or agency; and makes it a penal offense to carry on the business without paying the license tax. *Held:*—.

(1) That the excise provision, assuming it intended to include both interstate and domestic transactions, is not therefore void *in toto* in its application to a distributer engaged in both, since, the subject-matter being separable, full protection can be afforded by enjoining enforcement as to the interstate business. P. 646.

(2) But that the license tax, falling with its prohibition upon the business as a whole, cannot constitutionally be applied where interstate and intrastate business necessarily are conducted indiscriminately at the same stations and by the same agencies. P. 647.

(3) That gasoline imported by the distributer from another State but used in the conduct of its business, loses its interstate character and may be subjected to the excise, consistently with the Commerce Clause. P. 648.

(4) That the tax upon the use is not a tax on tangible property, within the meaning of § 1 of Article VIII of the New Mexico constitution, but in effect, as in name, an excise tax, and conforms to the requirement of that section that taxes shall be equal and uniform upon subjects of taxation of the same class. P. 649.

(5) The excise tax, as applied to local sale and use of gasoline by a distributer, is consistent with the due process and equal protection clauses of the Fourteenth Amendment. P. 649.

Reversed.

THE case is stated in the opinion.

*Mr. Harry S. Bowman,* Attorney General of the State of New Mexico, with whom *Mr. A. B. Renehan* was on the brief, for appellants.

*Mr. Charles R. Brock* and *Mr. E. R. Wright,* with whom *Mr. Stephen B. Davis, Jr., Mr. Milton Smith, Mr. W. H. Ferguson* and *Mr. Elmer L. Brock* were on the briefs, for appellee.

MR. JUSTICE PITNEY delivered the opinion of the court.

This suit was brought by the Continental Oil Company against the Attorney General and certain other officials of the State of New Mexico to restrain the enforcement against the company, a distributor of and dealer in gasoline and other petroleum products in that State, of the provisions of an act of the Legislature (Laws New Mexico, 1919, c. 93, p. 182) imposing an excise tax of 2 cents for each gallon of gasoline sold or used, and an annual license tax of $50 for each distributing station or place of business. The case was here before under the name of *Askren* v. *Continental Oil Co.,* 252 U. S. 444, on review of an order of the District Court (three judges sitting) granting a temporary injunction. It is now here for review of the final decree; and Mr. Askren's term as Attorney General having expired, Mr. Bowman, his successor in office, has been substituted as a party in his stead.

On the former appeal, it appeared upon the face of the bill that plaintiff (appellee) purchases gasoline in various States other than New Mexico and ships it into that State, there to be sold and delivered; that it carries on business in two ways: first, gasoline is brought in from other States either in tank cars, in barrels, or in packages containing not less than two 5-gallon cans, and sold and delivered to customers in the original packages, in the same form and condition as when received by plaintiff in the State

of New Mexico; as to which we held plaintiff is engaged in interstate commerce and not liable to pay to the State a license tax for purchasing, shipping, and selling gasoline in that manner; secondly, a part of plaintiff's business consists of selling gasoline from the tank cars, barrels, and packages in quantities to suit purchasers; and we held that business of this kind is properly taxable by the laws of the State, although the gasoline is brought into the State in interstate commerce; that the mere fact that it was produced in another State does not show a discrimination against the products of such State, and that sales from broken packages in quantities to suit purchasers are a subject of taxation within the legitimate power of the State. But these latter sales were little emphasized in the bill, which stressed the sales in original packages; and since from its averments it was impossible to determine whether the sales from broken packages were of substantial importance, we did not at that stage of the case go into the question whether the act was separable, but reserved it for the final hearing, while affirming the order for a temporary injunction.

Upon the going down of the mandate, plaintiff amended its bill by averring that, in addition to carrying on the business of buying and selling gasoline and other petroleum products, it is using gasoline at each of its distributing stations within the State of New Mexico (37 in number) in the operation of its automobile tank wagons and otherwise; that under the terms of the act it is prohibited from using this gasoline except upon the payment of the excise tax of 2 cents per gallon therefor; that this is a property tax, void under § 1 of Article VIII of the state constitution because not levied in proportion to the value of the gasoline; and that the imposition of the tax denies to plaintiff the equal protection of the laws and amounts to a taking of its property without due process of law, in contravention of the Fourteenth Amendment, and further is in

violation of the commerce clause of the Constitution of the United States.

Defendants answered, alleging that plaintiff's sales in tank cars or other unbroken packages are insignificant as compared with its sales made after original packages have been broken; denying that the act exacts of the plaintiff payment of a license tax for the privilege of shipping or selling gasoline in interstate commerce, or of an excise tax on the gasoline sold in such commerce; averring that the State of New Mexico and its officers charged with enforcement of the law do not construe the act as affecting interstate commerce, and have no purpose or intention to enforce it so as to do so, or otherwise than so far as intrastate commerce is concerned; and averring that any gasoline used by plaintiff at its distributing stations is no longer in interstate commerce, but has become commingled with the general mass of property in the State, and a tax upon its use is not void under the state constitution or a violation of the commerce clause or the Fourteenth Amendment.

The case came on for final hearing upon stipulated facts as to the course of plaintiff's business, from which it appeared that during the years 1918 and 1919 and the first seven months of 1920 its sales of gasoline in bulk or from broken packages constituted about 94.5 per cent. of its aggregate business, and sales in original barrels, packages, or tank cars without breaking the packages about 5.5 per cent.; in addition to which the company consumed in the conduct of its own business gasoline equal to about 8 per cent. of its total sales. It was further stipulated that this represents the ordinary course of business of the company, but that future percentages will depend upon the demands of customers.

The trial court, after referring to our decision in 252 U. S., proceeded to pass upon the question whether the statute is separable and capable of being sustained so far

as it imposes a tax upon domestic business legitimately
taxable. Reciting the language of the act, and reading
it as including every distributor of gasoline whether sell-
ing at retail or in original packages, as imposing an excise
tax upon all gasoline whether sold in one way or the other,
and as making no exemption from either the license or the
excise tax for persons selling gasoline or for gasoline sold
in original packages, the court declared that it could not
read an exemption into it without giving it a meaning
the legislature might never have intended; and held the
act not separable, but void as to both interstate and
domestic business. Having reached this conclusion, the
court found it unnecessary to pass upon the question
whether the imposition of an excise tax of 2 cents per
gallon upon the gasoline used by plaintiff in its automobiles
and trucks employed in the business of distributing its
wares for sale was in violation of the provision of § 1, Art.
VIII, of the constitution of the State because not levied
in proportion to the value of the gasoline so used.

Assuming that, upon the question of construction, the
District Court was right, and that the act manifests an
intent to tax interstate as well as domestic transactions
in gasoline, and is not in this respect capable of separation,
still, so far as the excise tax is concerned—imposed as
it is upon the sale and use of gasoline according to the
number of gallons sold and used—the divisible nature
of the subject renders it feasible to control the operation
and effect of the tax so as to prevent it from being imposed
upon sales in interstate commerce, while allowing the
State to enforce it with respect to domestic transactions;
and with the allowance of an injunction limited accordingly
plaintiff will receive the full protection to which it is en-
titled under the Constitution of the United States. The
applicable rule is that laid down in *Ratterman* v. *Western
Union Telegraph Co.*, 127 U. S. 411, where, in response to
a question whether a single tax, assessed by a state upon

the receipts of a telegraph company derived partly from interstate commerce and partly from commerce within the State, but returned and assessed in gross and without separation or apportionment, was wholly invalid or invalid only in proportion and to the extent that the receipts were derived from interstate commerce, this court unanimously answered that so far as levied upon receipts derived from interstate commerce the tax was void, but so far as levied upon receipts from commerce wholly within the State it was valid. This case has been cited repeatedly with approval and its principle accepted. *Western Union Telegraph Co.* v. *Alabama,* 132 U. S. 472, 476–477; *Lehigh Valley R. R. Co.* v. *Pennsylvania,* 145 U. S. 192, 200–201; *Postal Telegraph Cable Co.* v. *Charleston,* 153 U. S. 692, 697; *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1, 31.

But with the license tax it is otherwise. If the statute is inseparable, then both by its terms and by its legal operation and effect this tax is imposed generally upon the entire business conducted, including interstate commerce as well as domestic; and the tax is void under the authority of *Leloup* v. *Port of Mobile,* 127 U. S. 640, 647; *Crutcher* v. *Kentucky,* 141 U. S. 47, 58–59; *Williams* v. *Talladega,* 226 U. S. 404, 419; and other cases of that character.

Upon the question of severability, we are constrained to concur in the view adopted by the District Court; and this notwithstanding our hesitation, in advance of a declaration by the court of last resort of the State, to adopt a construction bringing the law into conflict with the Federal Constitution. *Ohio Tax Cases,* 232 U. S. 576, 591; *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350, 369–370. The act, in its 2d section, requires every distributor of gasoline to pay an annual license tax of $50 for each distributing station or place of business or agency; requires it to be paid in advance; and renders it unlawful to carry on the business without having paid it.

Section 8 declares that any person who shall engage or continue in the business of selling gasoline without a license shall be deemed guilty of a misdemeanor, and, upon conviction, be punished by fine or imprisonment, or both. The subject taxed is not in its nature divisible, as in the case of the excise tax. The imposition falls upon the entire business indiscriminately; and so does the prohibition against the further conduct of business without making the payment. By accepted canons of construction, the provisions of the act in respect of this tax are not capable of separation so as to confine them to domestic trade, leaving interstate commerce exempt. *United States* v. *Reese,* 92 U. S. 214, 221; *Trade-Mark Cases,* 100 U. S. 82, 99; *Poindexter* v. *Greenhow,* 114 U. S. 270, 304–305; *Pollock* v. *Farmers' Loan & Trust Co.,* 158 U. S. 601, 636.

No doubt the State might impose a license tax upon the distribution and sale of gasoline in domestic commerce if it did not make its payment a condition of carrying on interstate or foreign commerce. But the State has not done this by any act of legislation. Its executive and administrative officials have disavowed a purpose to exact payment of the license tax for the privilege of carrying on interstate commerce. But the difficulty is that, since plaintiff, so far as appears, necessarily conducts its interstate and domestic commerce in gasoline indiscriminately at the same stations and by the same agencies, the license tax cannot be enforced at all without interfering with interstate commerce unless it be enforced otherwise than as prescribed by the statute—that is to say, without authority of law. Hence, it cannot be enforced at all.

With the excise tax as imposed upon the use of gasoline by plaintiff at its distributing stations, in the operation of its automobile tank wagons and otherwise, we have no difficulty. Manifestly, gasoline thus used has passed

beyond interstate commerce, and the tax can be imposed upon its use, as well as upon the sale of the same commodity in domestic trade, without infringing plaintiff's commercial rights under the Federal Constitution. Section 1, Article VIII, of the state constitution, invoked by plaintiff, reads: "Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class." Clearly, the first part of this refers to property taxation. The tax imposed by the act under consideration upon the "sale or use of all gasoline sold or used in this State" is not property taxation, but in effect, as in name, an excise tax. We see no reason to doubt the power of the State to select this commodity, as distinguished from others, in order to impose an excise tax upon its sale and use; and since the tax operates impartially upon all, and with territorial uniformity throughout the State, we deem it "equal and uniform upon subjects of taxation of the same class," within the meaning of § 1 of Article VIII.

There is no substance in the objection that the excise tax, as applied to domestic sales and domestic use of gasoline, infringes plaintiff's rights under the due process and equal protection clauses of the Fourteenth Amendment. The contention that it interferes with interstate commerce because the gasoline is the product of other States already has been disposed of.

The decree under review should be reversed, and the cause remanded with directions to grant a decree enjoining the enforcement as against plaintiff of the license tax without qualification, and of the excise tax upon the sale or use of gasoline only with respect to sales of gasoline brought from without the State into the State of New Mexico, and there sold and delivered to customers in the original packages, whether tank cars, barrels, or other packages, and in the same form and condition as when

received by plaintiff in that State; but without prejudice to the right of the State, through appellants or other officers, to enforce collection of the excise tax with respect to sales of gasoline from broken packages in quantities to suit purchasers, notwithstanding such gasoline may have been brought into the State in interstate commerce, and with respect to any and all gasoline used by plaintiff at its distributing stations or elsewhere in the State in the operation of its automobile tank wagons or otherwise; and without prejudice to the right of the State, through appellants or other officers, to require plaintiff to render detailed statements of all gasoline received, sold, or used by it, whether in interstate commerce or not, to the end that the State may the more readily enforce said excise tax to the extent that it has lawful power to enforce it as above stated.

*Decree reversed, and the cause remanded for further proceedings in conformity with this opinion.*