THE TEXAS COMPANY (PORTO RICO), INCORPORATED, Complainant,

*v.*

JOSE E. BENEDICTO, as Treasurer of Porto Rico, and ABELARDO GONZALEZ FONT as Acting Treasurer of Porto Rico, Dfts.

---

San Juan, Equity, No. 1097.

CONSTITUTIONAL LAW.

Constitutional Law—Defendant to Enforce Valid Parts—Injunction.

1. When it is admitted that the legislature of Porto Rico has enacted a statute which is in conflict with the provisions of the Constitution of the United States, and the defense to an injunction proceeding is that the Treasurer of Porto Rico intends to enforce such Insular legislative law so far as it is valid and to dis-

Texas Co. v. Benedicto.

regard such portions thereof as are invalid, such declaration by the Treasurer of Porto Rico cannot affect the duty of this court in holding such statute void. Bowman v. Continental Oil Co. 256 U. S. 642.

Porto Rico Law—When Enforced.

2. A Porto Rican law taxing gasolene in the hands of a carrier bringing it cannot be enforced by the Treasurer by collecting the tax after it reaches the hands of the consignee. Bowman v. Continental Oil Co. 256 U. S. 642.

Opinion filed September 1, 1921.

*Mr. O. B. Frazer* for complainant.

*Messrs. Salvador Mestro,* Attorney General, and *Jos. A. Loret,* Assistant Attorney General of Porto Rico, for defendants.

ODLIN, Judge, delivered the following opinion:

In this case an application was made for a temporary injunction to restrain the Treasurer of Porto Rico, and also the Acting Treasurer of Porto Rico, from enforcing § 39 of an act of the legislature of Porto Rico which was approved by the Governor of Porto Rico on or about the 29th day of June, 1921, and which act amended certain sections of a previous act which had been approved June 15, 1919, as amended by still another act which was approved May 12, 1920.

This present law provides that there shall be levied, collected, and paid as an internal revenue tax the sum of 2 cents per gallon on all gasolene, imitation, or substitute thereof, manufactured, produced, introduced, or brought into Porto Rico; and it provides also that the tax above mentioned upon

articles brought into Porto Rico from the United States shall be paid before such articles leave the custody of the owner or the agent of the vessel in which such articles are brought. It further provides that such articles brought into Porto Rico from the United States, either. by mail or express, may be removed to a bonded warehouse or such other place as the Treasurer of Porto Rico may designate prior to the collection of the tax (in accordance with such rules and regulations as the Treasurer of Porto Rico may prescribe), and on articles introduced or brought into Porto Rico from countries other than the United States such tax shall be paid at the time of making the custom house entry for withdrawal for consumption.

Inasmuch as the complainant in this cause is a corporation existing under and by virtue of the laws of Porto Rico, and is a citizen and resident of Porto Rico and is domiciled in Porto Rico, there is of course no question of diversity of citizenship, and the sole basis of the bill is that this act of the Porto Rico legislature is in conflict with the Constitution of the United States.

A temporary restraining order was issued upon the giving of a proper bond; the matter has been very ably argued both orally and by briefs by the Assistant Attorney General of Porto Rico and by counsel for the complainant.

There has been filed also in connection with such argument an affidavit by the Treasurer of Porto Rico, setting forth that neither he nor any officer or employee of his department of the Insular government of Porto Rico has 'collected or has attempted to collect any tax or taxes imposed by said act of the Porto Rico legislature approved June 29, 1921, upon goods or articles introduced or brought into Porto Rico while such

### Texas Co. v. Benedicto.

goods were in the hands of the carrier which brought them into Porto Rico, but that on the contrary in all such cases he and the officials and employees of his department have waited until the goods or articles had become confused with the property in commerce in Porto Rico before attempting to collect the tax; and that it is the intention of the said Treasurer of Porto Rico to continue his present policy above outlined in the future.

During the argument it was conceded by the Honorable Assistant Attorney General of Porto Rico that this act was unconstitutional, null and void in so far as it purported to confer authority upon the Treasurer of Porto Rico to collect any tax upon goods brought into the Island of Porto Rico from ports or points in any state of the Union, at the moment of their arrival, but it was contended by the Honorable Assistant Attorney General that the moment said goods left the carrier and the possession and title and control over said goods became vested exclusively in the person, firm or corporation bringing said goods into the Island of Porto Rico the right to tax began. Therefore the question before the court is whether an injunction should issue, as prayed for by the complainant, against the enforcement of said law upon gasolene brought into the Island of Porto Rico from a port in the United States after such gasolene has been moved into the warehouse of the complainant and the control of the carrier with respect to such gasolene has wholly ceased.

'This court finds that in April, 1920, a decision was rendered by the Supreme Court of the United States in the case of Mr. Askren, who was then the Attorney General of the State of New Mexico v. Continental Oil Co. This decision involved·

the correctness or incorrectness of a temporary injunction which had been granted by the United States district court in the state of New Mexico in connection with a certain law which had been passed by the legislature of New Mexico in the year 1919, being chapter 93, and found on page 102. This decision of the Supreme Court of the United States is reported in 252 U. S. p. 444, 64 L. ed. 654, 40 Sup. Ct. Rep. 355. The Supreme Court held that the United States district court did not err in granting a temporary injunction against the authorities of the state of New Mexico, and affirmed the ruling of the district court, but expressly set forth in the opinion of Mr. Justice Day that from the averments of the bill it was impossible to determine the relative importance of such part of the business of the Continental Oil Company as was taxable when compared with that part which was not taxable; and the Supreme Court at that preliminary stage of the case declined to decide whether the act of the state of New Mexico was or was not separable and capable of being sustained so far as it might impose a tax upon business lawfully taxable. That question was reserved for final hearing. After this decision had been reached by the Supreme Court of the United States in April, 1920, the Continental Oil Company amended its bill, and the Honorable Mr. Askren, who had been the Attorney General of the state of New Mexico, had been succeeded by the Honorable Mr. Bowman as Attorney General. For this reason this case upon its second appearance in the Supreme Court of the United States appears under the title of Bowman v. Continental Oil Co. A decision was reached by the Supreme Court of the United States on June 6, 1921, and is reported in 256 U. S. 642, 65 L. ed. 1139, 41 Sup. Ct. Rep. 606. The

Texas Co. v. Benedicto.

decision was rendered by Mr. Justice Pitney and it was concurred in by all the other members of that distinguished court. This decision is the latest on this subject which the writer of this opinion has been able to find, and it was not included in any of the briefs filed by counsel in the present case by reason of the fact that a copy of it arrived in this Island so recently.

Of course it is conceded that the legislature of Porto Rico can have no greater power in the matter of taxation, being framed in harmony with the Constitution of the United States, than is possessed by the leigslature of the state of New Mexico. Therefore, this court finds itself bound to decide this present case in accordance with the doctrine set forth by Mr. Justice Pitney speaking for the Supreme Court of the United States in the decision last mentioned. It is true that the statute of New Mexico has been held in part valid and in part invalid; and it is also true that the statute of New Mexico is not exactly like the act passed by the legislature of Porto Rico. But the fact remains that the decision of the Supreme Court of the United States, holding void certain provisions of the New Mexico statute, is exactly applicable to the act passed by the legislature of Porto Rico. And in connection with this statement this court will favor the Honorable Treasurer of Porto Rico with his own construction of said act of the legislature of Porto Rico as set forth in his affidavit. In other words, the Treasurer of Porto Rico in effect admits that the act of the legislature of Porto Rico as framed is invalid, but that he, the Treasurer, intends to enforce such act as if it were valid. The trouble with his position is that the intentions of the Treasurer of Porto Rico in seeking to enforce the act

of the legislature of Porto Rico, as set forth in his own affidavit, are in conflict with the decision of the Supreme Court of the United States last cited.

It is, therefore, ordered, adjudged and decreed that a temporary injunction issue against the Treasurer of Porto Rico, and all officials and employees subject to his order, against the enforcement of said act of the legislature of Porto Rico as to any tax upon the sale or use of gasolene brought from without the Island of Porto Rico into the Island of Porto Rico and sold and delivered in Porto Rico to customers in the original packages, whether they are tank cars or barrels or other packages, and in the same form and condition as when received by the complainant in Porto Rico.

Said temporary injunction shall not be enforced until the complainant shall give a bond satisfactory to the court in the sum of $—.

And it is further ordered that the motion to dismiss the bill be denied; and the defendants are allowed twenty days in which to answer.