## In Re OPINION OF THE JUDGES

### (210 N. W. 186.)

(Opinion filed September 29, 1926.)

1. **Licenses—Moneys Received or to Be Received as Proceeds of Motor Fuel Tax Law Can Be Used Only for Purpose Specifically Appropriated (Laws 1923, c. 225, as Amended by Laws 1925, cc. 228, 229).**

   Since, under express terms of motor fuel tax law (Laws 1923, c. 225 as amended by Laws 1925, cc. 228, 229), moneys received from tax in excess of cost of administration are to be specifically appropriated to highways, it cannot be used for other purposes.

2. **Constitutional Law.**

   The Supreme Court justices cannot render opinions as to general validity of future legislative action, exact terms of which rest in conjecture.

**3.  Licenses—Taxation.**

> Tax on sale of motor vehicle fuel by proper statute is revenue measure, constituting excise tax, and is exercise of state's taxing power as contradistinguished from police power.

**4.  Licenses.**

> Since imposition on motor vehicle fuel is tax in proper sense, proceeds thereof may be appropriated in legislative discretion to any public purpose.

---

Note.—See, Headnote (1), (4), American Key-Numbered Digest, Licenses, Key-No. 33, 37 C. J. Sec. 129; (2) Constitutional law, Key-No. 45, 12 C. J. Sec. 386 (Anno.); (3) Licenses, Key-No. 5, 37 C. J. Sec. 6.

Answers to questions certified to the Judges of the Supreme Court by the Governor of South Dakota.

To His Excellency, the Governor of the State of South Dakota:

Sir:  Pursuant to the provisions of section 13 of article 5 of the Constitution of South Dakota and for your guidance in the exercise of your executive powers, particularly the powers conferred upon you by article 4 of chapter 115, Laws of 1925, having to do with the executive budget, you have by your communication bearing date September 10, 1926, requested our opinion upon an important question of law which you have propounded to us in the following form:

"May the present motor fuel tax law be amended or a new motor fuel tax law be framed and enacted so as to legally make a certain part or amount of the money derived from the tax payable into and available in the state's general fund and leave the remainder of such money appropriated and available for highway purposes as at present, notwithstanding section 8 of article 11 or other provision in the state Constitution?"

[1]  The present motor fuel tax law is found in chapter 225, Laws 1923, as amended by chapters 228 and 229, Laws of 1925. By the express terms of the present law all moneys received from the tax in excess of the actual cost of administering the provisions of the law and enforcing the collection of the tax are to be credited to the funds of the state highway commission and are specifically appropriated for the construction, reconstruction, maintenance, and repair of highways.  Clearly money heretofore received or hereafter to be received as proceeds of such tax under the

present law cannot be used for any other purpose than the one to which it has been thus specifically appropriared. White Eagle Oil, etc., Co. v. Gunderson, 48 S. D. 608, 205 N. W. 614, 43 A. L. R. 397. In other words, if money derived from tax upon the sale of motor fuel in this state is to be used for any purpose other than highway purposes as specified by section 5 of the present law, the first essential is an appropriate legislative act either by way of amendment of the present law on this subject or by way of repeal thereof and enactment of a new law dealing with the subject, and the necessity for such legislative act is recognized in your question.

[2] Manifestly we cannot at this time render any opinion as to the general constitutionality or validity of future legislative action, the exact terms of which necessarily rest entirely in speculation and conjecture.

Therefore in order to avoid any possible misconception of the scope of our opinion upon your present inquiry, we rephrase such inquiry as follows:

"Assuming tha the Legislature should hereafter enact a law levying a tax upon sales of motor fuel by which law part of the money to be derived therefrom was appropriated for highway purposes as is done under the present law and part was appropriated to the general fund of the state, and assuming further that such law, whether in form an amendment of the present law or an entirely new law, was constitutional and valid in every other respect and particular, the question is, Would the constitutionality or validity of such law be in any wise impaired by the fact that part of the money to be derived therefrom was appropriated to the state general fund in place of all being appropriated for highway purposes as under the present law?"

[3, 4] We are clearly of the opinion that such supposed appropriation of a part, or for that matter all, of the moneys to be derived from the operation of the law to the general fund of the state would not in any wise impair the constitutionality or validity of the supposed statute, assuming it to be constitutional and valid in all other respects. A tax upon sales of motor vehicle fuel by proper statute is a revenue measure. It constitutes a tax in the nature of an excise tax and is an exercise of the taxing power of the state as contradistinguished from the police power. Bowman

v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139. It is our opinion that moneys which may be derived from this particular type of taxation stand in no other or different position than moneys derived from any other form of taxation, as, for example, a general property tax. It being once established that the imposition sought to be levied is valid, and further that it is a "tax" in the proper sense of the word, as opposed to a local assessment, a license fee under the police power, or other such charge or imposition, it follows ex vi termini that the proceeds thereof may be appropriated in the discretion of the Legislature to any public purpose.

"Taxes are burdens or charges imposed by the Legislature upon persons or property to raise money for public purposes." Citizens' Savings, etc., Ass'n v. Topeka, 20 Wall. 655, 22 L. Ed. 455.

"The sole arbiter of the purposes for which taxes shall be levied is the Legislature, provided the purposes are public purposes. The courts may review the levy of the tax to determine whether the purpose is a public one, but when once that is determined the courts can make no other inquiry as to the purpose of a tax as affecting the power to impose it. It may levy a tax for any purpose provided the purpose is a public one." Cooley on Taxation (4th Ed.) § 70.

We are therefore of the opinion that the Legislature in its discretion may by apt words appropriate all or any part of the moneys to be derived from this or any other type of "taxation" to any proper public purpose.

DILLON, J., being absent, it has not been possible to submit your inquiry to him, and he does not participate in this opinion.

Respectfully submitted,

JOHN HOWARD GATES,
SAMUEL C. POLLEY,
CARL G. SHERWOOD,
DWIGHT CAMPBELL,
    Judges of the Supreme Court.