# MID–CONTINENT AIR EXPRESS CORPORATION v. LUJAN, State Comptroller.

## No. 2217.

District Court, D. New Mexico.

March 3, 1931.

Rodey & Dailey, of Albuquerque, N. M., for plaintiff.

Frank H. Patton, Asst. Atty. Gen. of New Mexico, for defendant.

Before PHILLIPS and McDERMOTT, Circuit Judges, and NEBLETT, District Judge.

PHILLIPS, Circuit Judge.

Plaintiff brought this action against defendant to enjoin him from collecting the New Mexico excise tax on gasoline purchased by it and used by it in interstate and intrastate commerce.

The matter came on for hearing before a statutory three-judge court on an application for a temporary injunction. At such hearing, the parties filed an agreed statement of facts and stipulated that upon the filing of written briefs the cause might be taken as finally submitted on the merits. Such briefs have now been filed.

The material facts, as disclosed by the stipulation, are:

Plaintiff is a corporation organized under the laws of Delaware. The defendant, J. M. Lujan, who has been substituted for the former defendant Rupert F. Asplund, is the comptroller of the state of New Mexico and is charged with the duty of collecting the gasoline excise tax imposed by sections 60—101 and 60—203, New Mexico Statutes Annotated, Codification 1929.

Section 60—101, supra, reads as follows:

"There is hereby levied and imposed an excise tax of five cents per gallon upon the use of all gasoline and motor fuel used in this state for any purpose; Provided, that in the collection of such tax a deduction shall be allowed of the amount of the excise tax paid in this state by distributors or dealers upon the sale of the gasoline so used."

Section 60—203, supra, reads as follows:

"There is hereby levied and imposed an excise tax of five cents per gallon upon the sale of all gasoline sold in this state, except gasoline sold in original packages or containers as purely interstate commerce sales."

Plaintiff operates an air transport line from El Paso, Texas, through New Mexico to Pueblo, Colorado, transporting passengers, freight and express for hire. It also carries intrastate passengers, freight and express between Albuquerque and Santa Fé, New Mexico. Such intrastate business is merely incidental to its interstate business, and plaintiff engages in such intrastate business in order to more efficiently and economically conduct its interstate business. The two classes of business are so interdependent and so commingled, both with reference to receipts and expenses, that the amount of gasoline used in each cannot be determined and apportioned.

Plaintiff, in refueling its planes used in such interstate business, purchases gasoline at Albuquerque, New Mexico, from the Richfield Oil Company, a wholesale distributor of gasoline. Such distributor collects from plaintiff five cents per gallon on each gallon of such gasoline on account of such excise tax, and remits such collections to the comptroller. On account thereof, plaintiff has paid to defendant and his predecessor in office an amount in excess of $3,500.

The value of the right of plaintiff to do an interstate business in air commerce through New Mexico free from such tax is in excess of $3,000, exclusive of interest and costs.

In Flint v. Stone Tracy Co., 220 U. S. 107, at page 151, 31 S. Ct. 342, 349, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, the court said:

"Excises are 'taxes laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges.' "

See also United States Airways, Inc., v. Shaw (D. C. Okl.) 43 F.(2d) 148.

Therefore, the taxes imposed by the above quoted sections of the statute clearly are excise taxes.

Under the agreed statement of facts, the gasoline used by plaintiff in its intrastate business, which is incidental to its interstate business, cannot be determined and apportioned. It follows that the gasoline employed in intrastate business cannot be taxed and that employed in interstate business exempted. Therefore, if the tax is a direct burden on interstate commerce, the whole tax imposed on plaintiff is bad. Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; United States Airways, Inc., v. Shaw, supra.

It is our opinion that the instant case is ruled by Helson v. Kentucky, 279 U. S. 245, 49 S. Ct. 279, 73 L. Ed. 683. In that case a statute of Kentucky imposed an excise tax on gasoline purchased or obtained without the state and sold, distributed or used within the state. Plaintiffs were engaged in operating a ferry boat on the Ohio River between Kentucky and Illinois and were engaged exclusively in interstate business. The motive power of the boat was generated by the use of gasoline purchased by and delivered to them in Illinois. 75% of such gasoline was actually consumed within the limits of Kentucky in making such interstate journeys. The court held that the tax fell directly upon the use of the means by which inter-

state commerce was carried on and directly burdened that commerce, and therefore contravened the Commerce Clause of the United States Constitution.

The only difference between that case and the instant case is that there the gasoline was used exclusively in interstate commerce. However, since in the instant case the tax cannot be apportioned, the principle of the Kentucky case is applicable. Bowman v. Continental Oil Co., 256 U. S. 642, at page 647, 648, 41 S. Ct. 606, 65 L. Ed. 1139.

We conclude that the statutes in question, as applied to plaintiff, are unconstitutional and void, and that plaintiff is entitled to a permanent injunction against the collection of such tax on gasoline purchased by it for use in interstate commerce and in intrastate commerce which is merely incidental to and which cannot be segregated from such interstate commerce.

A decree will be entered in accordance with this opinion.