## In re WILOIL CORPORATION.

### No. 20588.

District Court, W. D. Pennsylvania.

May 27, 1941.

W. B. Adair, of Pittsburgh, Pa., referee.

F. W. Stonecipher and Schlesinger & Schlesinger, all of Pittsburgh, Pa., for trustee.

George Mashank, Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

Ruth Forsht, Sp. Deputy Atty. Gen., for the Commonwealth of Pennsylvania.

Thos. J. Herbert, Atty. Gen., and Wm. J. Berwanger, Asst. Atty. Gen., for the State of Ohio.

Clarence W. Meadows, Atty. Gen., and Eston B. Stephenson, Sp. Asst. Atty. Gen., for the State of West Virginia.

SCHOONMAKER, District Judge.

The referee allowed gasoline-tax claims of the United States and the States of Pennsylvania, Ohio and West Virginia, classing them as claims for taxes entitled to priority under clause (4) of Subdivision a of Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a. This section provides as follows:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * *

"(4) taxes legally due and owing by the bankrupt to the United States or any State or any subdivision thereof: Provided, That no order shall be made for the payment of a tax assessed against any property of the bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court: And provided further, That, in case any question arises as to the amount or legality of any taxes, such question shall be heard and determined by the court * * *."

■ The question is whether the gasoline tax levied by the United States and the several states on the tax-claim involved in this case is to be classed as being within the above-stated proviso, i. e., "a tax assessed against property of the bankrupt." As we construe this proviso, it must be applied to property of bankrupt that came into the hands of the trustee, because, by the provisions of the statute, the priority of the tax involved is limited to the value of the interest of the bankrupt estate therein. No gasoline by which the taxes in the instant case were measured came into the bankrupt estate, and therefore the proviso in question had no application.

■ The taxes involved, in our opinion, are not property taxes at all, but excise taxes. It is perfectly clear that the tax is on the manufacture and sale of gasoline, and not on the gasoline itself, nor on its sale price. The quantity of gasoline sold furnished the measure for the tax, and is not in itself the thing taxed.

Counsel for the trustee cite Patton v. Brady, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713, as supporting their contention that the tax in question is a property tax. We, however, cannot find that it does so hold, but, on the contrary, does hold that a tax of twelve cents a pound on tobacco and snuff sold is an excise tax.

In the case of Bowman v. Continental Oil Co., 256 U.S. 642, 648, 41 S.Ct. 606, 65 L.Ed. 1139, the Supreme Court held that a tax on the sale or use of gasoline is not a property tax, but is in effect and name an excise tax.

So well and amply had the referee justified his findings in this case in his opinion that we need add nothing further to what he has said. His orders classing these tax-claims as preferred under clause (4) of subdivision a of Section 64 of the Bankruptcy Act, will be confirmed.

An order may be submitted accordingly.