647 P.2d 177

**The STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Marilyn A. Riddel, Respondent,**

**Kurzie Lee CURTIS, Real Party in Interest.**

No. 16040-SA.

Supreme Court of Arizona, En Banc.

June 8, 1982.

Thomas E. Collins, Maricopa County Atty. by Joseph E. Abodeely, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Phoenix, for Kurzie Lee Curtis.

HAYS, Justice.

A Petition for Special Action was filed by the Maricopa County Attorney alleging that the respondent judge abused her discretion in dismissing the indictment for two counts of robbery returned by the Maricopa County Grand Jury against the real party in interest and defendant, Kurzie Lee Curtis. We accepted jurisdiction.

The only issue before us concerns the impaneling and instructing of the 42nd Maricopa County Grand Jury by Presiding Judge Robert C. Broomfield. Defendant Curtis urges that the Grand Jury was not properly instructed regarding the definition of probable cause. After reading the reporter's transcript of the instructions given by Judge Broomfield, we disagree.

An examination of the numerous cases which have touched on the definition of probable cause presents a lesson in semantics. The definitions are many and varied; few of them precise. *See Slade v. City of Phoenix*, 112 Ariz. 298, 301, 541 P.2d 550 (1975); *Drury v. Burr*, 107 Ariz. 124, 125, 483 P.2d 539, 540 (1971); *Dodd v. Boies*, 88 Ariz. 401, 403–404, 357 P.2d 144, 146 (1960); *State v. Frye*, 245 N.W.2d 878, 880–81 (N.D. 1976); *Hamer v. United States*, 259 F.2d 274, 282–83 (9th Cir. 1958), *cert. denied*, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959).

To avoid exercises in semantics in the future, we should adopt one simple definition which says it all. With this in mind, we present the following definition: Probable cause exists if an individual has a reasonable belief that a crime has been committed and that the defendant committed that crime. Nothing more needs to be said.

The relief sought by the petitioner is granted. The order dismissing CR–125232 is vacated, the indictment is reinstated, and the case is remanded for further proceedings. The stay heretofore ordered is quashed.

HOLOHAN, C. J., GORDON, V. C. J., and CAMERON and FELDMAN, JJ., concur.